UNITES STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 22 2011 ★

LONG ISLAND OFFICE

———————————————— x

Jane Kraus

                    **Plaintiff**

-against-          SUMMONS ISSUED

Palisades Collection, LLC
Kirschenbaum & Phillips, P.C.

                    **Defendant**

CV 11 4623

COMPLAINT AND DEMAND FOR JURY TRIAL

TRIAL BY JURY DEMANDED

WEXLER, J

TOMLINSON, M

———————————————— x

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendants respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. Plaintiff is suing the Defendants because the Defendants illegally sued the Plaintiff, negligently hired a particular process server, failed to properly serve the Plaintiff with lawsuit documents, filed a false affidavit of service with the Court, improperly restrained the Plaintiff's bank account, improperly levied on the Plaintiff's bank account, and then failed to return Plaintiff's money after being ordered by the Court to do so.

2. The Plaintiff herein suffered actual damages including, but not limited to, pecuniary loss.

3. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; New York General Business Law; and common law.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337 and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Declaratory relief is available under New York law. Injunctive relief is available under New York law. Venue in this District is proper in that the Defendants transact business here, Defendants reside here, and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Jane Kraus is a natural person residing in Suffolk County, in the State of New York.

6. Defendant Kirschenbaum & Phillips, P.C. (hereinafter "K&P") is a law firm and a New York Professional Corporation engaged in collecting debts in this state with its principal place of business in Nassau County New York. Kirschenbaum & Phillips are debt collectors.

7. Defendant Palisades Collection, LLC (hereinafter Palisades) is a debt collector engaged in collecting debts in this state.

8. The principal purpose of all Defendants is the collection of debts using the mails and telephone, and/or Defendants regularly attempt to collect debts alleged to be due another.

9. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

10. The debt Defendants were attempting to collect related to this matter was a consumer debt as defined by the Fair Debt Collection Practices Act (15 USC 1692 et seq.)

in that debt was allegedly incurred by Plaintiff by use of a credit card, used for the purchase of products and services for personal and/or household purposes, and not used for a business purpose.

## IV. FACTUAL ALLEGATIONS

11. Defendants alleged that Plaintiff owed a consumer debt to a company called First USA for use of a consumer credit card.

12. Defendants allege that Defendant Palisades obtained the right to collect the alleged debt.

13. Defendant Palisades enlisted Defendant K&P to aid them in their debt collection.

14. Defendants filed a lawsuit in New York State Court against the Plaintiff in an attempt to collect the alleged debt from Plaintiff Jane Kraus.

15. Defendant K&P hired a person named Murray Browne to serve the Summons and Complaint upon Ms. Kraus.

16. Murray Browne did not serve the lawsuit papers upon Ms. Kraus. Defendants actively concealed the existence of the lawsuit by not serving Ms. Kraus with the lawsuit papers as they have a legal obligation to do. Defendants then filed paperwork with the state court indicating that they did in fact serve Ms. Kraus.

17. Defendant K&P filed an "Affidavit of Service" and other papers with the state court falsely indicating that the summons and complaint had in fact been properly served upon Ms. Kraus, and indicating that the Defendants are entitled to a default judgment against Ms. Kraus because Ms. Kraus had not responded to the lawsuit. Defendants made several misrepresentation to the Court relating to the attempt to collect the alleged debt.

18. The Murray Browne affidavit of service filed by K&P contained objectively false statements in that it contained a reference to an address that does not even exist.

19. Defendant K&P and Murray Browne have been sued together in Federal Court in the past for allegations including the creation and filing of a false affidavit of service.

20. Prior to hiring Murray Browne to ostensibly serve the lawsuit papers, Defendant K&P was aware that Murray Browne had been accused in the past of falsifying information on an affidavit of service. Defendants K&P used the services of Murray Browne nonetheless.

21. By use of the false affidavit of service, Defendants obtained a default judgment against Plaintiff Jane Kraus.

22. Defendants then used the improperly obtained default judgment to restrain the Plaintiff's bank account.

23. On September 24, 2010, the Plaintiff first learned that her bank account had been restrained.

24. The funds in the Plaintiff's bank account were exempt from execution and should not have been restrained.

25. Upon first learning of the restrained bank account the Plaintiff thereafter contacted Defendant K&P and learned for the first time that the Defendants had sued her.

26. Before speaking to K&P after having her bank account frozen, the Plaintiff did not have the any previous notice of the Defendants' lawsuit, nor did the Plaintiff have the means to know of such. The natural consequence of the sewer service alleged above was that the Plaintiff would not gain any knowledge of the lawsuit thereby giving the Defendants the opportunity to obtain a default judgment, and thereby giving the Defendants the opportunity to freeze the Plaintiff's bank account without the Plaintiff knowing.

27. Upon first learning of the lawsuit, Ms. Kraus explained to the Defendants that she had not been notified of the lawsuit, and that the money in her bank account was exempt from such restraint or execution. The Defendants did not release the money and did not cease their post judgment collection efforts. Thereafter, the Defendants executed upon the restrained bank account and removed $12,279.02 from the Plaintiff's bank account.

28. The Plaintiff, Jane Kraus was charged bank fees do to the Defendants improper restraint and execution.

29. The Plaintiff was forced to retain an attorney to try to obtain her money back.

30. Ms. Kraus paid money to a lawyer to have that lawyer vacate the improperly obtained default judgment and to get Ms. Kraus her money back.

31. The attorney for Ms. Kraus then sent a letter to Defendant K&P explaining their improper conduct and requesting that the Defendants voluntarily vacate the improperly obtained default judgment, and requesting that the Defendants return the money improperly taken from the Plaintiff's bank account. The Defendants refused to do so.

32. Ms. Kraus was forced to pay money to her lawyer to make a motion to the Court to vacate the improperly obtained default judgment and to get her money back.

33. Following the motion to vacate and with clear knowledge of the objectively false statements contained in the affidavit of service, the Defendants re-asserted the propriety of the false affidavit of service to both the Court and to the Plaintiff. In addition to re-asserting the propriety of the objectively false affidavit of service, the Defendants represented to the Court both orally and in writing further false statements relating to the alleged service of the Summons and Complaint. The re-assertions and the further false statements caused the Plaintiff additional damages independent of the money improperly

taken from her bank account. The Plaintiff was forced to incur additional legal fees to counter these further false statements and re-assertions.

34. Notwithstanding the motion to vacate by Ms. Kraus and notwithstanding Defendants' knowledge that the Affidavit of Service they filed with the Court contained objectively false statements, the Defendants did not voluntarily vacate the improperly obtained default judgment, nor did the Defendants return the money improperly taken from Ms. Kraus' bank account.

35. On July 30, 2011 the Honorable Judge Stephen Hackling issued an order from the bench vacating the default judgment. Notwithstanding the Judge's order from the bench, the Defendants did not return the Plaintiff's money.

36. Judge Hackling then issued a written order vacating the judgment and directing the immediate return of the Plaintiff's money. Notwithstanding the Judge's written order, the Defendants did not return the Plaintiff's money.

37. Notwithstanding the multiple notices that the judgment was clearly improperly obtained, and notwithstanding the direct orders from Judge Hackling, the Defendants have not returned any of the money that was improperly taken from the Plaintiff's bank account.

38. On information and belief, the Defendant K&P retained at least a portion of the money taken from the Plaintiff's bank account for their fee.

39. Defendants continued to withhold Plaintiff's bank account in order to attempt to extort payment of the alleged debt from Plaintiff.

40. The Defendants actions in continuing to withhold the Plaintiff's money after Judge Hackling order vacating the judgment and directing the return of the money constitutes conversion.

41. The Defendants have ratified any actions initially made by them in error.

42. The Plaintiff is entitled to punitive damages for their actions as described herein.

43. Plaintiff alleges that at all times herein mentioned, each of the Defendants were, and is now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and ratification of the other Defendants.

44. In October 2010, a representative of the Defendant K&P made false statements to the Plaintiff about the Plaintiff's rights as a consumer. The false statements indicated to the Plaintiff that there was nothing that Ms. Kraus could do to get her money back, and that once the judgment was obtained that the Defendants became unable to negotiate. The false statements were intended to mislead Ms. Kraus into believing that there was nothing she could do to try to get her money back, and to dissuade Ms. Kraus from trying.

## V. CAUSES OF ACTION UNDER THE FDCPA

45. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

46. Defendants have violated the FDCPA. Defendant's violations include but are not limited to the following:

A. Defendants' violated 15 U.S.C Section 1692e;

B. Defendants' violated 15 U.S.C Section 1692e (2);

C. Defendants' violated 15 U.S.C Section 1692e (4)

D. Defendants' violated 15 U.S.C Section 1692e (5);

E. Defendants' violated 15 U.S.C. Section 1692e(8);

F. Defendants' violated 15 U.S.C. Section 1692 e(10);

    G. Defendants' violated 15 U.S.C. Section 1692 f;

    H. Defendants' violated 15 U.S.C. Section 1692 f (1);

    I. Defendants' violated 15 U.S.C. Section 1692 f (6) and

    J. Defendants' violated 15 U.S.C. Section 1692d.

## VI. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

47. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

48. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. in that:

    A. The Defendants drafted an affidavit of service containing false statements in the state action;

    B. The Defendants filed an affidavit of service containing false statements with the Suffolk County District Court;

    C. After being alerted to the false statements, the Defendants have failed to properly notify the Suffolk County District Court about the fraud that had been committed upon the Court, allowing the judgment to remain in effect;

    D. The Defendants have issued a restraining notice containing false information to Plaintiff's bank which has led to the restraint of the Plaintiff's bank account;

    E. After being confronted by the Plaintiff about the illegally restrained bank account, the Defendants allowed the restraint to remain in effect;

F. After being confronted with evidence of the objectively false statements contained in the affidavit of service, the Defendants nonetheless continued to rely upon the false affidavit of service, and continued to make false representations related to the false affidavit of service;

G. After being ordered by a court to return the money to the Plaintiff, the Defendants have not done so.

49. On information and belief, Defendants regularly utilize deceptive practices as described herein in connection with the attempt to collect consumer debts. Defendants' actions have a broad impact on New York consumers at large in that on information and belief, the Defendants regularly utilize the services of the process server Murray Browne despite their knowledge of the problems associates with Mr. Browne's affidavits of service.

50. Plaintiff suffered emotional distress and pecuniary loss due to the Defendant's actions and omissions, including but not limited to pecuniary loss; out of pocket expenses.

51. The Plaintiff requests that the Court issue an injunction prohibiting the Defendants from continuing to hold the Plaintiff's money.

## VII. CONVERSION

52. The actions of Defendants as described herein constitute the tort of conversion in that the Plaintiff had a legal ownership interest in her bank account; and the Defendants exercised unauthorized interference with said bank account. Additionally, the Defendants' continuing to retain the Plaintiff's money after being directly ordered by the Court to return the money constitutes an independent tort of conversion. The actions of the Defendants

were wrongful; and the Defendants have both a de facto and a de juris obligation to return the proceeds of such bank account.

53. The actions of the Defendants caused the Plaintiff damage in that the Plaintiff has lost the use of her money and has been charged bank fees caused by the Defendants improper actions.

54. The actions and omissions of the Defendants were willful, malicious, and wanton as further described herein.

55. Plaintiffs are entitled to punitive damages for the actions of the Defendants as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENT AND GROSS NEGLIGENT HIRING

56. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

57. Defendants were negligent in the hiring of Murray Browne. The Defendant K&P was fully aware that Murray Browne had signed a false affidavit of service in the past and should not have hired him again to effectuate service on a consumer. The Defendant K&P nonetheless hired Murray Browne again, and Murray Browne again signed an Affidavit of Service that contained objectively false information. The Defendants then filed that document and relied on the false affidavit of service to obtain a default judgment against Ms. Kraus. With the improper judgment the Defendants then took the Plaintiff's money and have refused to return such, notwithstanding court orders. Defendants owed Plaintiff a duty and a special duty to retain responsible process servers, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

58. The actions and omissions of Defendants as described herein constitute grossly negligent hiring, in that the Defendant was fully aware of Mr. Browne's past and utilized Mr. Browne nonetheless. Defendants then continued to rely on the false affidavit of service even in the face of evidence that the affidavit contained objectively false statements. Defendants continue to refuse to return the improperly taken money despite the Court orders. Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. The actions of Defendants were willful, malicious, and wanton. The actions of Defendants were highly unreasonable and demonstrate an extreme departure from ordinary care.

59. Plaintiff has been damaged financially and emotionally by the Defendants' acts and omissions as alleged herein. The Plaintiff has lost the money the Defendants took; the Plaintiff has been charged bank fees, and the Plaintiff has had to hire a lawyer to remedy the Defendants illegal actions.

60. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. An injunction prohibiting the Defendants from continuing to retain the Plaintiff's money;

2. Actual damages;

3. Punitive damages;

4. Statutory damages;

5. Costs and reasonable attorney's fees;

6. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff